## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**DIANE VENDRYES,**                    **CASE NO. 5:19-cv-00459-TKW-MJF**

      **Plaintiff,**

**v.**

**MHM HEALTH PROFESSIONALS, LLC**
**d/b/a MHM CENTURION,**

      **Defendant.**
_____/

## AMENDED COMPLAINT

Plaintiff, DIANE VENDRYES, hereby sues Defendant, MHM HEALTH

PROFESSIONALS, LLC d/b/a MHM CENTURION, and alleges:

### NATURE OF THE ACTION

1.    This is an action brought under Chapter 760, Florida Statutes, and

under §448.101, *et seq.*, Florida Statutes.

2.    This action was brought in the Circuit Court of the Fourteenth Judicial

Circuit, in and for Washington County, Florida, and removed to this Court by

Defendant.

### PARTIES

3.    At all times pertinent hereto, Plaintiff, DIANE VENDRYES, has been

a resident of Florida and was employed by Defendant. Plaintiff is a member of

protected classes due to her national origin (Jamaican), her gender, her sexual orientation (lesbian), her age, and the fact that she objected to violations of law, rule or regulation and was subjected to retaliation thereafter.

4.      At all times pertinent hereto, Defendant MHM HEALTH PROFESSIONALS, LLC d/b/a MHM CENTURION ("MHM"), has been a limited liability company doing business in Florida, and within Washington County, Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer in connection with the claims set forth herein.

## CONDITIONS PRECEDENT

5.      All conditions precedent to bringing this action have been satisfied or waived.

## GENERAL FACTS

6.      Plaintiff, a 67-year old Jamaican lesbian female, began in Defendant's employ as a psychologist on April 17, 2016. In March 2017, Plaintiff was promoted to the position of Mental Health Director at the Florida Department of Corrections ("DOC") Northwest Florida Reception Center, and held that position at the time of her constructive termination on December 13 2017.

7.     Plaintiff was more than qualified to perform the functions and duties of both of the positions she held in Defendant's employ, and remains so as of the filing of this pleading.

8.     Despite satisfactory work performance throughout her employment, Plaintiff was subjected to a hostile work environment, disparate treatment, different terms and conditions of employment, and was held to a different standard because of her age (over 40), national origin (Jamaican), her gender (female), and her sexual orientation (lesbian), and because she objected to violations of laws, rules and/or regulations.

9.     The mistreatment came at the hands of specifically, but not limited to, Tara Johnson, a Health Services Administrator; Lynette Hornsby, Defendant's Mental Health Operations Director; and Sara Brus, Defendant's Human Resources Director, all white females.

10.     Through her employment, Plaintiff has been targeted for termination and treated less favorably than other employees including, but not limited to, Brandy Blocker, Defendant's Director of Nursing ("DON"), a younger non-Jamaican heterosexual female.  This disparate treatment has been due to Plaintiff's age, national origin, gender, and/or sexual orientation.

11.     The targeting and adverse treatment includes, without limitation, being micromanaged by Defendant's upper management, being suspended, being

3

reprimanded, and harassed.  All of the allegations against Plaintiff were false and/or contrived.

12.     In the Fall of 2017, Plaintiff was falsely accused of "lack of professionalism in the workplace" based on alleged unprofessional comments made at a statewide conference. However, Plaintiff did not make any such offensive comments. Nevertheless, Defendant reprimanded Plaintiff.

13.     In or around November of 2017, Plaintiff was falsely accused of bringing an article to the conference about a murder/suicide and discussing the deaths. Moreover, the individual who made this false allegation against Plaintiff, Deborah Walker, a younger non-Jamaican heterosexual female, was not even present at the above-mentioned meeting, and thus was not a credible witness. Nevertheless, Defendant acted upon Walker's false allegations.

14.     On or about November 16, 2017, Plaintiff was falsely accused of forwarding the above-mentioned article to Defendant's Human Resources Department without explanation. Again, this was false. Similarly situated younger employees and/or non-Jamaican and/or heterosexual employees were never subjected to repeated contrived allegations without an opportunity to defend themselves. Moreover, each false allegation against Plaintiff was made by a younger and/or non-Jamaican and/or heterosexual employee.

15.     Moreover, Plaintiff reported violations of one or more laws, rules, and/or regulations, and was subjected to retaliation thereafter. Specifically, but without limitation, Saba Adhal was a provisionally licensed psychologist with whom Defendant and the Board of Psychology had a contract requiring that she attend weekly supervision. Adhal was legally obliged to attend thirty-two (32) hours. However, after four months, Adhal had attended only two (2) hours of supervision. As such, Plaintiff filed a complaint with the Board of Psychology to report the violation.

16.     In response to and in retaliation for Plaintiff's reporting, Tara Johnson, Hornsby, and Doris Kaufman each emailed Plaintiff in an attempt to pressure her to not file the complaint. Thereafter, Hornsby and Kaufman reprimanded Plaintiff with a "final warning" based on a series of contrived allegations, all of which Plaintiff denied.

17.     In December 2017, Defendant suspended Plaintiff on the contrived basis of staff complaints.

18.     Thereafter, Plaintiff was forcibly removed from Defendant's compound. Plaintiff was not even informed of the nature of the complaints against her. Plaintiff has since learned that the employee behind the final alleged complaint was Johnson.

19.     Thereafter, on or about December 13, 2017, after the continued

mistreatment and contrived allegations against Plaintiff, Plaintiff was forced to

resign. No reasonable person would have continued to be employed under these

conditions of harassment and mistreatment.

20.     On information and belief, Plaintiff was replaced by a white, non-

Jamaican, substantially younger, heterosexual male.

21.     Plaintiff has retained the undersigned to represent her interests in this

cause and is obligated to pay a reasonable fee for these services. Defendant is

obligated to pay such fee, along with expenses incurred in prosecuting this action,

under applicable laws.

## COUNT I-AGE-BASED DISPARATE TREATMENT DISCRIMINATION

22.     Paragraphs 1-21 above are re-alleged and incorporated.

23.     This count sets forth a claim for age-based disparate treatment

pursuant to Chapter 760, Florida Statutes.

24.     Plaintiff has been the victim of discrimination on the basis of her age

in that she was treated differently than similarly situated younger employees of

Defendant on the basis, at least in part, of her age.

25.     Defendant is liable for the differential treatment of Plaintiff because it

controlled the actions and inactions of the persons making decisions affecting

Plaintiff or it knew or should have known of these actions and inactions and failed

to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and/or ratified the differential treatment of Plaintiff as more fully set forth above because it allowed this mistreatment and participated in same.

26.    In essence, the actions of agents of Defendant, which were each condoned and/or ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

27.    The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's continued employment by Defendant.

28.    Defendant's acts and omissions constituted intentional discrimination and unlawful employment practices based upon age in violation of Chapter 760, Florida Statutes.

29.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiff is also entitled to equitable/injunctive relief under this count, and to punitive damages.

## COUNT II-AGE-BASED HOSTILE
## WORK ENVIRONMENT DISCRIMINATION

30.     Paragraphs 1-21 above are re-alleged and incorporated.

31.     This count sets forth a claim for age-based hostile work environment discrimination, brought under Chapter 760, Florida Statutes

32.     Plaintiff has been the victim of discrimination on the basis of her age in that she was subjected to hostility and poor treatment on the basis, at least in part, of her age. She was also subjected to repeated instances of harassment that interfered with her ability to work, which harassment was frequent and unwelcome.

33.     Defendant is liable for the differential hostility toward Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the hostility toward Plaintiff. Furthermore, Defendant knowingly condoned and/or ratified the hostile treatment of Plaintiff as more fully set forth above because it allowed the hostile treatment and participated in same. Defendant's known allowance and/or ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

34.    In essence, the actions of agents of Defendant, which were each condoned and/or ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

35.    The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's continued employment by Defendant, and led, at least in part, to Plaintiff's constructive termination.

36.    Defendant's acts and omissions constituted intentional discrimination and unlawful employment practices based upon age in violation of Chapter 760, Florida Statutes

37.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiff is also entitled to equitable/injunctive relief under this count, and to punitive damages.

**COUNT III-NATIONAL ORIGIN-BASED
DISPARATE TREATMENT DISCRIMINATION**

38.    Paragraphs 1-21 are re-alleged and incorporated.

9

39.     This count sets forth a claim for national origin-based disparate treatment discrimination, brought under Chapter 760, Florida Statutes.

40.     Plaintiff has been the victim of discrimination on the basis of her national origin in that she was treated differently than similarly situated employees of Defendant who are not Jamaican.

41.     Defendant is liable for the differential treatment of Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and/or ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

42.     In essence, the actions of agents of Defendant, which were each condoned and/or ratified by Defendant, were based on Plaintiff's national origin and in violation of the laws set forth herein. The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's continued employment by Defendant. The events set forth herein led, at least in part, to Plaintiff's forced resignation.

43.     Defendant's acts and omissions constituted intentional discrimination and unlawful employment practices based upon national origin in violation of Chapter 760, Florida Statutes.

44.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiff is also entitled to equitable/injunctive relief under this count, as well as to punitive damages.

### COUNT IV-NATIONAL ORIGIN-BASED HOSTILE WORK ENVIRONMENT DISCRIMINATION

45.     Paragraphs 1-21 are re-alleged and incorporated.

46.     This count sets forth a claim for national origin-based hostile work environment discrimination, brought under Chapter 760, Florida Statutes.

47.     Plaintiff has been the victim of discrimination on the basis of her national origin in that she was treated differently than similarly situated employees of Defendant who are not Jamaican, and has been subjected to hostility and poor treatment on the basis, at least in part, of her national origin. She was subjected to

11

repeated instances of harassment that interfered with her ability to work, which harassment was frequent and unwelcome.

48.    Defendant is liable for the hostility toward Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and/or ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

49.    Defendant's known allowance and/or ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

50.    In essence, the actions of agents of Defendant, which were each condoned and/or ratified by Defendant, were based on Plaintiff's national origin and in violation of the laws set forth herein. The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's continued employment by Defendant. The events set forth herein led, at least in part, to Plaintiff's forced resignation.

51.     Defendant's acts and omissions constituted intentional discrimination and unlawful employment practices based upon national origin in violation of Chapter 760, Florida Statutes.

52.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiff is also entitled to equitable/injunctive relief under this count, as well as to punitive damages.

## COUNT V-GENDER-BASED DISPARATE TREATMENT DISCRIMINATION

53.     Paragraphs 1-21 above are re-alleged and incorporated.

54.     This count sets forth a claim for gender-based disparate treatment discrimination, brought under Chapter 760, Florida Statutes.

55.      Plaintiff has been the victim of discrimination on the basis of her gender in that she was treated differently than similarly situated employees of Defendant who are male.

56.     Defendant is liable for the differential treatment of Plaintiff because it controlled the actions and inactions of the persons making decisions affecting

Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

57.     Furthermore, Defendant knowingly condoned and/or ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

58.     In essence, the actions of agents of Defendant, which were each condoned and/or ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

59.      The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's continued employment by Defendant. The events set forth herein led, at least in part, to Plaintiff's constructive termination.

60.     Defendant's acts and omissions constituted intentional discrimination and unlawful employment practices based upon gender in violation of Chapter 760, Florida Statutes.

61.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are

14

occurring at present, and will likely continue into the future. Plaintiff is also entitled to equitable/injunctive relief under this count, as well as to punitive damages.

## COUNT VI-GENDER-BASED HOSTILE WORK ENVIRONMENT DISCRIMINATION

62.    Paragraphs 1-21 above are re-alleged and incorporated.

63.    This count sets forth a claim for gender-based hostile work environment discrimination, brought under Chapter 760, Florida Statutes.

64.     Plaintiff has been the victim of discrimination on the basis of her gender in that she was treated differently than similarly situated employees of Defendant who are male, and has been subjected to hostility and poor treatment on the basis, at least in part, of her gender.

65.    Defendant is liable for the hostility toward Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

66.    Furthermore, Defendant knowingly condoned and/or ratified the hostile treatment of Plaintiff as more fully set forth above because it allowed the hostility and harassment and/or and participated in same.

67.     Defendant's known allowance and/or ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

68.     In essence, the actions of agents of Defendant, which were each condoned and/or ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

69.      The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's continued employment by Defendant. The events set forth herein led, at least in part, to Plaintiff's constructive termination.

70.     Defendant's acts and omissions constituted intentional discrimination and unlawful employment practices based upon gender in violation of Chapter 760, Florida Statutes.

71.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiff is also entitled to equitable/injunctive relief under this count, as well as to punitive damages.

## COUNT VII-SEXUAL ORIENTATION-BASED
## DISPARATE TREATMENT DISCRIMINATION

72.     Paragraphs 1-21 above are re-alleged and incorporated.

73.     This count sets forth a claim for sexual orientation-based disparate treatment discrimination, brought under Chapter 760, Florida Statutes.

74.      Plaintiff has been the victim of discrimination on the basis of her sexual orientation in that she was treated differently than similarly situated employees of Defendant who are heterosexual, and has been subjected to poor treatment on the basis, at least in part, of her sexual orientation.

75.     Defendant is liable for the differential treatment of Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

76.     Furthermore, Defendant knowingly condoned and/or ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

77.     In essence, the actions of agents of Defendant, which were each condoned and/or ratified by Defendant, were of a sexual orientation-based nature and in violation of the laws set forth herein.

17

78.     The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's continued employment by Defendant. The events set forth herein led, at least in part, to Plaintiff's constructive termination.

79.     Defendant's acts and omissions constituted intentional discrimination and unlawful employment practices based upon sexual orientation in violation of Chapter 760, Florida Statutes.

80.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiff is also entitled to equitable/injunctive relief under this count, as well as to punitive damages.

### COUNT VIII-SEXUAL ORIENTATION-BASED HOSTILE WORK ENVIRONMENT DISCRIMINATION

81.     Paragraphs 1-21 above are re-alleged and incorporated.

82.     This count sets forth a claim for sexual orientation-based hostile work environment discrimination, brought under Chapter 760, Florida Statutes.

83.     Plaintiff has been the victim of discrimination on the basis of her sexual orientation in that she was treated differently than similarly situated

18

employees of Defendant who are heterosexual, and has been subjected to hostility and poor treatment on the basis, at least in part, of her sexual orientation.

84.     Defendant is liable for the hostility toward Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

85.     Furthermore, Defendant knowingly condoned and/or ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

86.     Defendant's known allowance and/or ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

87.     In essence, the actions of agents of Defendant, which were each condoned and/or ratified by Defendant, were of a sexual orientation-based nature and in violation of the laws set forth herein.

88.      The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's continued employment by Defendant. The events set forth herein led, at least in part, to Plaintiff's constructive termination.

89.     Defendant's acts and omissions constituted intentional discrimination and unlawful employment practices based upon sexual orientation in violation of Chapter 760, Florida Statutes.

90.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiff is also entitled to equitable/injunctive relief under this count, as well as to punitive damages.

**COUNT IX-PRIVATE EMPLOYEE WHISTLEBLOWER RETALIATION**

91.     Paragraphs 1-21 above are re-alleged and incorporated.

92.      This count sets forth a claim for private employee whistleblower retaliation under §448.101, *et seq*., Florida Statutes.

93.     As set forth in greater detail above, during the course of her employment,  Plaintiff objected to certain practices of Defendant that were in violation of one or more laws, rules or regulations, and/or that she reasonably and in good faith believed were in violation of same.

94.     After Plaintiff objected, she was subjected to repeated retaliation, as

20

more fully set forth above.

95.     The retaliation includes, without limitation, harassment, false allegations, baseless discipline, and ultimately constructive termination.

96.     The disclosures made by Plaintiff are protected under §448.102, Florida Statutes.

97.     As a direct and proximate cause of Plaintiff's participation in the whistleblowing activities identified herein, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law. Plaintiff has also suffered emotional pain and suffering damages and other tangible and intangible damages. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiff is also entitled to equitable/injunctive relief under this count, as well as to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this court take jurisdiction over this cause;

(b)     that this court enter judgment against Defendant and for Plaintiff granting equitable relief against Defendant under the

applicable counts set forth above, mandating Defendant's

obedience to the laws enumerated herein and providing other

equitable relief to Plaintiff;

(c)     that this court enter judgment against Defendant and for

Plaintiff awarding all legally-available general and

compensatory damages, including damages for economic loss,

to Plaintiff from Defendant for Defendant's violations of law

enumerated herein;

(d)     that this court enter judgment against Defendant and for

Plaintiff permanently enjoining Defendant from future

violations of law enumerated herein;

(e)     that this court enter judgment against Defendant and for

Plaintiff awarding costs and attorney's fees as allowed by law;

(f)     that this court enter judgment against Defendant and for

Plaintiff awarding Plaintiff interest where appropriate; and

(g)     that this court grant such other and further relief as is just and

proper under the circumstances, including but not limited to

reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 30th day of December, 2019.

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
marie@mattoxlaw.com
Secondary emails:
michelle2@mattoxlaw.com
marlene@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on counsel of record by CM/ECF this 30th day of December, 2019.

/s/ Marie A. Mattox
Marie A. Mattox